UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MELISSA BECK,<br>Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LEFTY'S VENTURES, LLC,<br><br>Defendant. | Case No. _____<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(B) |

## ORIGINAL COLLECTIVE COMPLAINT

Plaintiff Melissa Beck ("Beck") bring this action individually and on behalf of all current and former hourly employees (hereinafter "Plaintiff and the Putative Class Members") who worked for Lefty's Ventures, LLC ("Lefty's" or "Defendant"), anywhere in the United States, at any time during the relevant statutes of limitations through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201, *et seq.* ("FLSA").

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as

to the acts of others.

# I.
# OVERVIEW

1. This is a collective action to recover wages and liquidated damages brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201–19 to recover unpaid wages and other applicable penalties.

2. Plaintiff and the Putative Class Members are those similarly situated persons who worked for Lefty's, anywhere in the United States, at any time from June 20, 2019, through the final disposition of this matter, and have not been paid all of their tips in violation of federal law.

3. Specifically, Lefty's enforced a uniform company-wide policy wherein it improperly retained the tips of its hourly employees.

4. Lefty's illegal company-wide policy has caused Plaintiff and the Putative Class Members to not receive all of the tips owed to them.

5. Lefty's knowingly and deliberately retained the tips that belonged to its hourly employees.

6. Under the FLSA, tips are the property of the hourly employees and an employer—like Lefty's— may not keep its hourly employees' tips for any purpose.

7. Further, after Plaintiff Beck complained of Lefty's wage practices, Lefty's retaliated against her by cancelling her last paycheck and refusing to schedule her for further work, effectively terminating her employment. To date,

Plaintiff Beck has still not been paid for all her hours worked as a result of Lefty's retaliation.

8. Plaintiff and the Putative Class Members seek to recover all unpaid wages, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

9. Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

10. Plaintiff Melissa Beck ("Beck") was employed by Lefty's in Lansing, Michigan and Jackson, Michigan during the relevant time period. Plaintiff Beck did not receive all tips owed to her.[1]

11. The FLSA Collective Members are those current and former hourly employees who were employed by Lefty's, anywhere in the United States, at any time from June 20, 2019, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff worked and was paid.

12. Defendant Lefty's Ventures, LLC is a domestic limited liability company, licensed to and doing business in the State of Michigan, and can be served

---

[1] The written consent of Melissa Beck is hereby attached as Exhibit "A."

through its registered agent: **Nayfe Berry, 28400 Northwestern Hwy, Suite 105, Southfield, Michigan 48034.**

## III.
## JURISDICTION & VENUE

13. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 *et. seq*.

14. This Court has personal jurisdiction over Lefty's because the cause of action arose within this District as a result of Lefty's conduct within this District and Division.

15. Venue is proper in the Eastern District of Michigan because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

16. Specifically, Lefty's corporate headquarters are located in Southfield, Michigan, which is located within this District and Division.

17. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

18. Lefty's operates numerous sandwich restaurants throughout the State of Michigan.[2]

---

[2] https://eatleftys.com/about/

19. Plaintiff and the Putative Class Members' job duties consisted of making sandwiches and serving customers.

20. Plaintiff Beck was employed by Lefty's in restaurants in Lansing, Michigan and Jackson, Michigan from November 2021 until January 2022.

21. Plaintiff and the Putative Class Members are Lefty's hourly employees.

### *Unpaid Tips*

22. Plaintiff and the Putative Class Members have not been paid all of the tips paid to them by customers.

23. Specifically, customers leave tips for Lefty's employees when ordering in the restaurants and when ordering online.

24. However, all of the tips are not actually paid to the hourly employees. Instead, Lefty's retains the customers' tips for itself.

25. The FLSA expressly prohibits employers from retaining tips of its employees, regardless of whether the tip credit is taken or not. *See* 29 U.S.C. § 203(m)(2)(b) ("An employer may not keep tips received by its employees for any purposes … regardless of whether or not the employer takes a tip credit"); 29 C.F.R. § 531.59(b) ("all tips received by the tipped employee must be retained by the employee").

### **Illegal Retaliation**

26. In January of 2022, Plaintiff Beck complained to Lefty's about its illegal wage practices such as not paying her the correct wage and Lefty's refusal to make proper wage deductions for owed child support.

27. Instead of addressing Plaintiff Beck's legitimate complaints, Lefty's retaliated against Plaintiff Beck by issuing a cancel order on Plaintiff Beck's last paycheck of approximately $2,500 and then refusing to schedule Plaintiff Beck for future work.

28. After Plaintiff Beck's check was cancelled, Plaintiff Beck emailed Lefty's to find out why her last paycheck would not clear the bank but was only met with silence.

29. As of this moment, Plaintiff Beck's wages for her last few weeks of work remains unpaid.

30. As a result of Lefty's corporate policy and practice of retaining the Plaintiff and Putative Class Members' tips, Plaintiff and the Putative Class Members were not properly compensated under the FLSA.

31. Lefty's has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

32. Lefty's is aware of its obligation to pay all tips to the hourly employees.

33. Because Lefty's did not pay Plaintiff and the Putative Class Members all of their tips, Lefty's pay policies and practices violate the FLSA.

## V.
## CAUSES OF ACTION

### COUNT ONE
### (Collective Action Alleging FLSA Violations)

**A.  FLSA COVERAGE**

34. Plaintiff incorporates by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

35. The FLSA Collective is defined as:

**ALL HOURLY EMPLOYEES WHO WERE EMPLOYED BY LEFTY'S VENTURES, LLC, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM JUNE 20, 2019 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members")**

36. At all times hereinafter mentioned, Lefty's has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

37. At all times hereinafter mentioned, Lefty's has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

38. At all times hereinafter mentioned, Lefty's has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or

materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

39. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Lefty's, these individuals have provided services for Lefty's that involved interstate commerce for purposes of the FLSA.

40. In performing the operations described hereinabove, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

41. Specifically, Plaintiff and the FLSA Collective Members are non-exempt hourly employees of Lefty's who assisted Lefty's customers who live throughout the United States. 29 U.S.C. § 203(j).

42. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

43. The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 35.

44. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Lefty's.

**B.   FAILURE TO PAY ALL TIPS UNDER THE FLSA**

45. Lefty's has violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–7, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA and refusing to pay them all of their earned tips.

46. Moreover, Lefty's knowingly, willfully, and with reckless disregard carried out its illegal pattern of retaining its employees' tips. 29 U.S.C. § 255(a).

47. Lefty's is a sophisticated party and employer, and therefore knew (or should have known) their pay policies were in violation of the FLSA.

48. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Lefty's to pay them according to the law.

49. The decisions and practices by Lefty's to not pay its hourly employees all of their tips was neither reasonable nor in good faith.

50. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid all of their tips pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, civil penalties, attorneys' fees and costs.

**C. COLLECTIVE ACTION ALLEGATIONS**

51. All previous paragraphs are incorporated as though fully set forth herein.

52. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Lefty's hourly employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been paid.

53. Other similarly situated employees of Lefty's have been victimized by Lefty's patterns, practices, and policies, which are in willful violation of the FLSA.

54. The FLSA Collective Members are defined in Paragraph 35.

55. Lefty's failure to pay Plaintiff and the FLSA Collective Members all of their tips as required by the FLSA, results from generally applicable policies and practices of Lefty's, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

56. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

57. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

58. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to receive all of their tips.

59. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

60. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Lefty's will retain the proceeds of its rampant violations.

61. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

62. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 35 and notice should be promptly sent.

## COUNT TWO
### (Retaliation – 29 USC § 215(a)(3))

63. At all times relevant to this lawsuit, Plaintiff Beck has been entitled to the rights, protections and benefits provide by the FLSA, 29 U.S.C. §§ 201, *et seq.*, because she was an employee of Lefty's.

64. Specifically, Plaintiff Beck engaged in protected activity when she complained to Lefty's about its illegal wage practices.

65. Section 18(c) of the FLSA, 29 U.S.C. § 218c(a)(2)–(5), makes it unlawful for an employer "to discharge or in any other manner discriminate against any employee" because such employee: is about to provide information relating to an act the employee believes to be a violation of the FLSA to the employer, is about to assist or participate in an action regarding the perceived FLSA violation, or objected to or refused to participate in a task the employee believed to be in violation of the FLSA

66. Plaintiff Beck was denied her final wages and refused additional work, in violation of 29 U.S.C. § 218c(a)(2)–(5), as retaliation for asserting her rights under the FLSA.

67. Specifically, Plaintiff Beck was fired because she complained of Lefty's illegal wage practices.

68. Lefty's knowingly, willfully, wantonly, and/or with reckless disregard carried out its retaliation against Plaintiff Beck in violation of 29 U.S.C. § 218c(a)(2)–(5).

## VI.
## RELIEF SOUGHT

69. Plaintiff respectfully prays for judgment against Lefty's as follows:

      a.      For an Order certifying the FLSA Collective as defined in Paragraph 35 and requiring Lefty's to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

      b.      For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

      c.      For an Order pursuant to Section 16(b) of the FLSA finding Lefty's liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

      d.      For an Order awarding the costs and expenses of this action;

      e.      For an Order awarding attorneys' fees;

      f.      For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

      g.      For an Order awarding Plaintiff Beck a service award as permitted by law;

      h.      For an Order compelling the accounting of the books and records of Lefty's, at Lefty's expense; and

    i. For an Order granting such other and further relief as may be necessary and appropriate.

Date: June 20, 2022        Respectfully submitted,

           By: */s/ Jennifer McManus*
              **Jennifer McManus**
              Michigan Bar No.
              jmcmanus@faganlawpc.com
              **FAGAN MCMANUS, P.C.**
              25892 Woodward Avenue
              Royal Oak, Michigan
              Telephone: (248) 658-8951
              Facsimile: (248) 542-6301

              **Clif Alexander** (*Pro Hac Vice Application Forthcoming*)
              Texas Bar No. 24064805
              clif@a2xlaw.com
              **Austin W. Anderson** (*Pro Hac Vice Application Forthcoming*)
              Texas Bar No. 24045189
              austin@a2xlaw.com
              **ANDERSON ALEXANDER, PLLC**
              819 N. Upper Broadway
              Corpus Christi, Texas 78401
              Telephone: (361) 452-1279
              Facsimile: (361) 452-1284

              ***Attorneys in Charge for Plaintiff and Putative Class Members***