# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**MELISSA BECK,**
**Individually and on behalf of all**
**others similarly situated,**

       **Plaintiff,**

  v.

**LEFTY'S VENTURES, LLC, et al.,**

       **Defendants.**

**Case No. 2:22-cv-11366-GCS-JJCG**

**JURY TRIAL DEMANDED**

**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(B)**

## PLAINTIFF'S UNOPPOSED MOTION FOR SETTLEMENT APPROVAL AND DISMISSAL WITH PREJUDICE

Plaintiff Melissa Beck, by and through her undersigned counsel, individually and on behalf of the opt-ins in this action, namely Kamera Bond, Jermaine Benning, and Michael Walker ("Plaintiffs"), file this Unopposed Motion for Settlement Approval and Dismissal with Prejudice ("Motion") seeking the Court's approval of the Settlement, specifically, the Settlement Agreement, attached hereto as Exhibit A, along with all exhibits thereto ("Settlement Agreement"). Approval of the proposed Settlement Agreement is further supported by the attached Memorandum of Law. Plaintiffs further state:

1.    A *bona fide* dispute exists between Plaintiffs and Defendants.

1

2.      The terms and conditions of the proposed settlement between Plaintiffs and Defendants, as defined and described in the Settlement Agreement, are fair, reasonable, and adequate.

3.      The form of the Notice of Settlement and the method of disseminating this information to the Collective, as described in the Settlement Agreement are fair, reasonable, and adequate to the Collective.

4.      That the method of allocating a settlement award to each member of the Settlement Collective is fair, reasonable, and adequate.

5.      That the attorneys' fees and costs are fair, reasonable, and adequate.

6.      Defendants do not oppose the relief requested herein.

Date: October 11, 2023                    Respectfully submitted,

By:     */s/ Jennifer McManus*
          **Jennifer McManus**  (P65976)
          jmcmanus@faganlawpc.com
          **FAGAN MCMANUS, P.C.**
          25892 Woodward Avenue
          Royal Oak, Michigan
          Telephone: (248) 658-8951
          Facsimile: (248) 542-6301

          **Clif Alexander**
          Texas Bar No. 24064805
          clif@a2xlaw.com
          **Austin W. Anderson**
          Texas Bar No. 24045189
          austin@a2xlaw.com
          **ANDERSON ALEXANDER, PLLC**
          819 N. Upper Broadway
          Corpus Christi, Texas 78401

2

Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Attorneys in Charge for Plaintiff and
Putative Class Members***

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **MELISSA BECK,**<br>**Individually and on behalf of all**<br>**others similarly situated,**<br><br>        **Plaintiff,**<br><br>    **v.**<br><br>**LEFTY'S VENTURES, LLC, et al.,**<br><br>        **Defendants.** | **Case No. 2:22-cv-11366-GCS-JJCG**<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(B)** |

## BRIEF IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR SETTLEMENT APPROVAL AND DISMISSAL WITH PREJUDICE

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ............................................................. ii

I.    INTRODUCTION ........................................................1

II.    PERTINENT FACTS ...................................................2

III.   SUMMARY OF THE SETTLEMENT TERMS .................................3

    A. The Settlement Fund ...........................................3

    B. Eligible Employees / Collective Members .......................3

    C. Allocation ..................................................3

IV.   ARGUMENT.............................................................4

    A. Standard of Review ...........................................4

       1.   The Absence of Fraud or Collusion in the Settlement .............5

       2.   Complexity, Expense, and Likely Duration of the Litigation ...5

       3.   Amount of Discovery Engaged in by the Parties .....................7

       4.   The Likelihood of Success on the Merits .................................8

       5.   The Opinions of Plaintiffs' Counsel and the Collective Representative ........................................................8

       6.   Whether the Settlement is the Product of Arm's Length Negotiations as Opposed to Collusive Bargaining..................9

       7.   Whether the Settlement is Consistent with the Public Interest........................................................10

    B. The Settlement is Fair and Reasonable and Should be Approved ...............................................11

C.  Attorneys' Fees and Costs Should be Approved ...........................13

V.    CONCLUSION ..........................................................................................16

# INDEX OF AUTHORITIES

PAGE

## CASES:

*Athan v. United States Steel Corp.*,
  523 F. Supp. 3d 960, 964–65 (E.D. Mich. 2021) ....................................................4

*Bartlow v. Grand Crowne Resorts of Pigeon Forge*, No. 11 Civ. 400, 2012 WL
  6707008, at *1–2 (E.D. Tenn. Dec. 26, 2012)........................................................11

*Bozak v. FedEx Ground Package Sys.*,
  No. 3:11-cv-00738-RNC, 2014 U.S. Dist. LEXIS 106042 ........................11, 14, 16

*Capsolas v. Pasta Res. Inc.*,
  No. 10 Civ. 5595, 2012 WL 4760910, at *7 (S.D.N.Y. Oct. 5, 2012) ...................15

*Crawford v. Lexington-Fayette Urban Cty. Gov't*,
  No. 06-299-JBC, 2008 U.S. Dist. LEXIS 56089 (E.D. Ky. July 22, 2008).....11, 12

*Dillworth v. Case Farms Processing, Inc.*,
  No. 08 Civ. 1694, 2010 WL 776933, at *7 (N.D. Ohio Mar. 8, 2010) ...........15, 16

*Donovan v. Estate of Fitzsimmons*,
  778 F.2d 298, 307 (7th Cir. 1985) ........................................................................10

*Enterprise Energy Corp. v. Columbia Gas Transmission Corp.*,
  137 F.R.D. 240, 249 (S.D. Ohio 1991).................................................................14

*Fegley v. Higgins*,
  19 F.3d 1126, 1134 (6th Cir.1994), *cert. denied*, 513 U.S. 875 (1994) ...........13, 14

*Gascho v. Global Fitness Holdings, LLC*,
  822 F. 3d 269, 280 (6th. Cir. 2016) ......................................................................13

*Genesis Healthcare Corp. v. Symczyk*,
  569 U.S. 66, 73–74 (2013).....................................................................................11

*Gentrup v. Renovo Servs., LLC*,
  No. 07 Civ. 430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) ................11

*Granada Inv., Inc. v. DWG Corp.*,
  962 F.2d 1203, 1205 (6th Cir. 1992) ......................................................10

*Hoffman-La Roche Inc. v. Sperling*,
  493 U.S. 165 (1989) .............................................................................12

*Int'l Union, United Auto., Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*,
  497 F.3d 615, 631 (6th Cir. 2007) ...........................................................5

*Lakosky v. Discount Tire Co., Inc.*,
  2015 WL 4617186, at *1 (E.D. Mich., July 31, 2015) ...............................4

*Lynn's Food Stores, Inc. v. U.S.*,
  679 F.2d 1350, 1355 (11th Cir. 1982) .....................................................11

*McKenna v. Champion Int'l Corp.*,
  747 F.2d 1211, 1213 (8th Cir. 1984) .......................................................12

*O'Brien v. Ed Donnelly Enters., Inc.*,
  575 F.3d 567, 584 (6th Cir. 2009) ...........................................................11

*Perdue v. Kenny A. ex rel. Winn*,
  559 U.S. 542, 552 (2010) .................................................................. 13-14

*Pritchard v. Dent Wizard Int'l Corp.*,
  210 F.R.D. 591, 594 (S.D. Ohio 2002) ....................................................11

*Ramey v. Cincinnati Enquirer, Inc.*,
  508 F.2d 1188, 1196 (6th Cir. 1974) .......................................................14

*Rawlings v. Prudential-Cache Properties, Inc.*,
  9 F.3d 513, 516 (6th Cir. 1993) ...............................................................15

*Reed v. Rhodes*,
  179 F.3d 453, 471 (6th Cir. 2008) ...........................................................15

*Runyan v. Nat'l Cash Register Corp.*,
  787 F.2d 1039, 1042–43 (6th Cir. 1986) ...................................................4

*Smith v. TradeGlobal, LLC*,
  No. 1:19-CV-192, 2020 WL 5797897, at *2 (S.D. Ohio Sept. 29, 2020) ...............7

*Snook v. Valley Ob-Gyn Clinic, P.C.*,
  No. 14-CV-12302, 2015 WL 144400, at *1 (E.D. Mich. Jan. 12, 2015) ................4

*Steele v. Staffmark Investments, LLC*,
  172 F. Supp. 3d 1024, 1026 (W.D. Tenn. 2016) ......................................................4

*Thompson v. Bruister & Assocs., Inc.*,
  967 F. Supp. 2d 1204, 1222 (M.D. Tenn. Aug. 23, 2013)......................................12

*Turner v. Perry Twp., Ohio*,
  No. 03 Civ. 455, 2005 WL 6573783, at *3 (S.D. Ohio Dec. 30, 2005) ................14

*United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G&M Roofing & Sheet Metal Co.*,
  732 F.2d 495, 502 (6th Cir.1984) ..........................................................................13

*Wade v. Werner Trucking Co.*,
  No. 10 Civ. 270, 2014 WL 2535226, at *1 (S.D. Ohio June 5, 2014) ...................11

*Williams v. Vukovich*,
  720 F.2d 909, 922–23 (6th Cir. 1983) ......................................................................8

## OTHER AUTHORITY:

Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201–19 ....................1, 4-5, 8, 11-15

Federal Rule of Civil Procedure 23 ........................................................................11

*Newberg on Class Actions* § 11.51 (3d ed. 1992)....................................................10

29 U.S.C. § 216(b) ..............................................................................................12, 13

**I.**

**INTRODUCTION**

This wage and hour collective action lawsuit was filed by Melissa Beck, individually and on behalf of all current and former hourly employees anywhere in the United States, at any time June 20, 2019, through the final disposition of this matter. *See* ECF No. 1. Plaintiffs have alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201−19. Although Defendants deny any and all liability, the Parties have agreed to a settlement, the terms of which are defined and described in the Settlement Agreement and Exhibits.

The Parties have agreed, subject to Court approval, to resolve these wage and hour claims with regard to the Plaintiffs. The Settlement satisfies the criteria for approval of a FLSA collective action settlement because it resolves a *bona fide* dispute, was reached after contested litigation, and was the result of arms'-length settlement negotiations.

Accordingly, Plaintiffs respectfully request that the Court issue an order: (1) finding that the Settlement Agreement attached as Exhibit A, and signed by the named Plaintiff and three opt-in Plaintiffs is a fair and reasonable resolution of a *bona fide* dispute; (2) approving the service award for Named Plaintiff Beck, and (3) approving the requested attorneys' fees and expenses for Plaintiffs' Counsel.

## II.
## PERTINENT FACTS

Plaintiffs have alleged that Defendants enforced a uniform company-wide policy wherein it improperly retained the tips of its hourly employees.  Plaintiffs further alleged that Defendants' illegal company-wide policy caused them to not receive all of the tips owed to them, and that Defendants knowingly and deliberately retained the tips that belonged to its hourly employees.  Defendants have denied all such allegations.

The Parties engaged in an informal exchange of information to facilitate settlement resolution. In addition to reviewing the employment information provided by ATM Brands, LLC, and/or Lefty's Lansing LLC, and/or Lefty's Jackson, LLC, Plaintiff's Counsel also reviewed documents provided by Plaintiffs and conducted extensive interviews with Plaintiff and the Opt-In Plaintiffs as part of its ongoing settlement discussions with Defendants. After a full review of the information obtained, and open and full debate over the legal and factual issues, and after engaging in rigorous settlement negotiations, the Parties, with the assistance of counsel, agree that the negotiated terms of the settlement represent a fair, reasonable, and just compromise of disputed issues.

With compromise from both sides, the Parties reached the Settlement Agreement now before the Court.  The negotiations leading to this settlement were adversarial, non-collusive, and conducted at arms' length. The Parties share an

2

interest in fully and finally resolving the issues raised in this action. Because the Parties recognized the expense and risks associated with prosecution and defense through trial and any possible appeal, as well as the risk of uncertainty of the outcome inherent in any litigation, they agreed to be bound by the Settlement which they now ask this Court to approve. The Parties have conditioned the overall Settlement upon the Court's approval of all their terms.

### III.
### SUMMARY OF THE SETTLEMENT TERMS

**A.    The Settlement Fund**

The Settlement Agreement establishes a Total Settlement Amount of $18,000.00 to settle claims against Defendants (the "Settlement Fund").  Exhibit A. The Settlement Fund covers all Plaintiffs' awards, as well as attorneys' fees, costs, and a modest service award for Named Plaintiff. *See id.*

**B.    Eligible Employees / Collective Members**

The Eligible Employees are the named Plaintiff and the three additional Plaintiffs that filed consents to participate in this litigation and signed the Settlement Agreement.

**C.    Allocation**

Each of the four Plaintiffs will be paid a settlement check in the amount of $500.  In addition, the named Plaintiff, Melissa Beck, will be paid a $1,000 service award for her time and effort incurred in bringing this action.

3

# IV.
# ARGUMENT

## A.    Standard of Review

Although the Sixth Circuit has never definitively answered the question of whether court approval is required for FLSA settlement agreements, district courts in this Circuit regularly find that the FLSA context counsels in favor of courts approving settlements. *Athan v. United States Steel Corp.*, 523 F. Supp. 3d 960, 964–65 (E.D. Mich. 2021) (citing *Steele v. Staffmark Investments, LLC*, 172 F. Supp. 3d 1024, 1026 (W.D. Tenn. 2016) (indicating that the Sixth Circuit's holding in *Runyan v. Nat'l Cash Register Corp.*, 787 F.2d 1039, 1042–43 (6th Cir. 1986) makes it likely that the Court would require approval of FLSA settlements); Alex Lau, Note, *The FLSA Permission Slip: Determining Whether FLSA Settlements and Voluntary Dismissals Require Approval*, 86 FORDHAM L. REV. 227, 244 (2017)).

Before approving the settlement, this Court must determine that the parties were engaged in a *bona fide* dispute and that the settlement is a fair and reasonable compromise of the issues presented. *Id.* at 965 (quoting *Lakosky v. Discount Tire Co., Inc.*, 2015 WL 4617186, at *1 (E.D. Mich., July 31, 2015)). "A bona fide dispute has to do with whether some issue of the employer's liability is 'actually and reasonably in dispute.'" *Id.* (quoting *Snook v. Valley Ob-Gyn Clinic, P.C.*, No. 14-CV-12302, 2015 WL 144400, at *1 (E.D. Mich. Jan. 12, 2015)).

The Sixth Circuit has identified seven factors that should aid courts in the

determination of whether a proposed FLSA settlement is fair, reasonable, and adequate:

> (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of Plaintiffs' Counsel and class Representatives; (6) the reaction of absent class members; and (7) the public interest.

*Id.* (citing *Int'l Union, United Auto., Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)).

### 1.    __The Absence of Fraud or Collusion in the Settlement__

In the instant case, there is a *bona fide* dispute over whether Defendants violated the FLSA. Plaintiffs have alleged that Defendants improperly and illegally retained the tips of its hourly employees.  Defendants deny Plaintiffs' allegations.

There was no fraud or collusion in reaching this Settlement. The Parties engaged in extensive informal discovery and settlement was reached after many ongoing discussions, and settlement proposals.  The Settlement will eliminate the risks and costs both sides would bear if this litigation continued to resolution on the merits. In agreeing upon the proposed Settlement, the Parties had sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis and conclusion.

### 2.    __Complexity, Expense, and Likely Duration of the Litigation__

In evaluating a proposed collective settlement, the Court also must weigh the

5

risks, expense and delay the plaintiffs would face if they continued to prosecute the litigation through trial and appeal against the amount of recovery provided to the collective in the proposed settlement. *See In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 523 (E.D. Mich. 2003). Courts have consistently held that the expense and possible duration of litigation are major factors to be considered in evaluating the reasonableness of a settlement. *See e.g.*, *In re Telectronics Pacing Sys., Inc.* 137 F. Supp. 2d 985, 1013 (S.D. Ohio 2001). For collective actions in particular, courts view settlement favorably because it "avoids the costs, delays and multitudes of other problems associated with them." *Id.* at 1013.

Here, if not for the Settlement, the case would have continued to be fiercely contested by the Parties. Defendants, who are represented by capable and well-versed wage and hour counsel, have demonstrated the commitment to defend the case through trial and beyond trial, if necessary. Should this case continue before this Court, extensive discovery remains, both as to the appropriateness of collective certification and as to the merits of the underlying claims. Likewise, should this Court grant a to-be-filed motion for conditional certification, a subsequent motion for decertification would likely follow in addition to briefing on dispositive motions.

The expense of continued litigation would be substantial as the Parties would have to complete a lengthy and extensive trial. Depending on the size of the

collective, trial could last more than one month, and involve numerous attorneys and witnesses; the introduction of voluminous documentary and deposition evidence; vigorously contested motions; and the expenditure of enormous amounts of judicial and counsel resources. Even if successful at trial, there most certainly would be appeals which would deny the Collective any recovery for years. Avoiding such unnecessary expenditure of time and resources clearly benefits all parties and the Court. *See Smith v. TradeGlobal, LLC*, No. 1:19-CV-192, 2020 WL 5797897, at *2 (S.D. Ohio Sept. 29, 2020) (recognizing that "[c]ontinued litigation would involve considerable expenditures of time and resources of the parties and the Court. If this case were to continue, the parties would expend significant time and money prosecuting the litigation through dispositive motions, trial, and possible appeals.").

The value of an immediate recovery here outweighs the mere possibility of future relief after protracted and expensive litigation.

### 3.   <u>Amount of Discovery Engaged in by the Parties</u>

The Parties have exchanged significant amounts of data regarding Plaintiffs' claims. Further, Plaintiffs' Counsel has been in regular communication with Plaintiff and the Opt-In Plaintiffs regarding their claims for unpaid tips and have reviewed client documents provided from both Plaintiffs and Defendant. As a result, Plaintiffs' Counsel was well informed of the available damages and clearly understood the legal and factual issues involved and were able to meaningfully

engage in settlement negotiations with Defendant.

### 4.     The Likelihood of Success on the Merits

Plaintiffs' likelihood of success on the merits and the amount(s) they would be awarded is uncertain, further suggesting that this settlement is fair and appropriate. Plaintiffs assert, and Defendant denies, that they (and the Collective Members) are owed compensation due to Defendants' failure to provide them with customer tips.  The range of possible recovery—if any—by Plaintiffs and the Putative Collective Members is open to dispute. Even if Plaintiffs succeed on the merits of their claims, which would require substantial additional time and an exercise of resources by both sides, the specific amount of their recovery is uncertain. Thus, this proposed settlement is a fair and reasonable settlement in relation to the potential risks and recovery in this case.

### 5.     The Opinions of Plaintiffs' Counsel and the Collective Representative

Plaintiffs' Counsel and Named Plaintiff Beck are of the opinion that this proposed Settlement is a fair and reasonable compromise. Courts should generally "defer to the judgment of experienced counsel who [have] competently evaluated the strength of [their] proofs . . . ." *Williams v. Vukovich*, 720 F.2d 909, 922–23 (6th Cir. 1983). Plaintiffs' Counsel have extensive experience in handling large nationwide FLSA collective actions (like this one) and they have thoroughly investigated and analyzed the claims alleged in these actions. Based on their

extensive experience with the applicable law, they have made informed judgments

regarding the Settlement and believe that they are fair, reasonable and adequate.

6. **Whether the Settlement is the Product of Arm's Length Negotiations as Opposed to Collusive Bargaining**

This lawsuit was initially filed on June 20, 2022.  Plaintiffs filed an Amended

Complaint on October 20, 2022, and filed a Motion for Leave to file a Second

Amended Complaint on April 19, 2023, which remains pending.  Since the initial

filing, the Parties conferred in good faith and agreed to engage in an informal

exchange of information in an effort to obtain an early resolution of this matter.

No settlement occurred until Plaintiffs' Counsel possessed sufficient

information to make an informed judgment regarding the likelihood of success on

the merits and the results that could be obtained. The risks of non-recovery,

addressed above, were considered by Plaintiffs' Counsel in negotiating the proposed

Settlement. Certainly, Plaintiffs would always like the Settlement Fund to be greater

than it is, but those desires must be tempered against the risk of obtaining less (or

nothing) if the case proceeded through trial (and appeal). Oftentimes, the best

opportunity to resolve a case is when uncertainty over those still undecided issues

remains for both sides.

Without evidence to the contrary, the Court may presume that settlement

negotiations were conducted in good faith and that the resulting agreements were

reached without collusion. *Telectronics,* 137 F. Supp. 2d at 1018 (citing *Newberg on Class Actions* § 11.51 (3d ed. 1992) ("Courts respect the integrity of counsel and presume the absence of fraud or collusion in negotiating the settlement, unless evidence to the contrary is offered.")). The Settlement in this case came after contested litigation and was a product of formal mediation.  Far from collusion, the current settlement could only have been forged through arms' length negotiations.

### 7.    <u>Whether the Settlement is Consistent with the Public Interest</u>

The final factor that the Court considers in evaluating a settlement is whether the settlement is consistent with the public interest. "[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *Granada Inv., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992). This is particularly true when the substantive issues of the case "reflect a broad public interest in the rights to be vindicated or the social or economic policies to be established." *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 307 (7th Cir. 1985). Here, it is certainly in the public interest to approve this Settlement. The Settlement resolves the claims of the Collective in exchange for a fair return, eliminates the risk to the class of complete non-recovery, provides certainty to Defendants, and eases the burdens on the already heavily-taxed courts.

In sum, given the complexity, expense, likely duration and risks of litigation,

the state of the proceedings to date, the negotiations leading up to, and the ultimate

terms of the Settlement, the proposed Settlement is fair, adequate and reasonable.

**B.      The Settlement is Fair and Reasonable and Should Be Approved**

Courts approve FLSA settlements when they are reached as a result of

contested litigation to resolve *bona fide* disputes. *See Lynn's Food Stores, Inc. v.*

*U.S.,* 679 F.2d 1350, 1355 (11th Cir. 1982); *Wade v. Werner Trucking Co.*, No. 10

Civ. 270, 2014 WL 2535226, at \*1 (S.D. Ohio June 5, 2014); *Bartlow v. Grand*

*Crowne Resorts of Pigeon Forge*, No. 11 Civ. 400, 2012 WL 6707008, at \*1–2

(E.D. Tenn. Dec. 26, 2012).[1]

Collective actions under Section 216(b) of the FLSA require workers to

affirmatively opt-in to the litigation, unlike a class action pursuant to Federal Rule

of Civil Procedure 23. *See Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 73–

74 (2013) ("Rule 23 actions are fundamentally different from collective actions

under the FLSA."); *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th

Cir. 2009) ("While Congress could have imported the more stringent criteria for

Collective certification under Fed. R. Civ. P. 23, it has not done so in the FLSA.");

*Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 594 (S.D. Ohio 2002) ("[I]n

---

[1] "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Bozak v. FedEx Ground Package Sys.*, No. 3:11-cv-00738-RNC, 2014 U.S. Dist. LEXIS 106042, at \*3 (D. Conn. July 31, 2014). If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement. *Gentrup v. Renovo Servs., LLC*, No. 07 Civ. 430, 2011 WL 2532922, at \*2 (S.D. Ohio June 24, 2011); *Crawford v. Lexington-Fayette Urban Cty. Gov't*, No. 06-299-JBC, 2008 U.S. Dist. LEXIS 56089 (E.D. Ky. July 22, 2008).

an FLSA "opt-in" collective action the requirements need not be strictly observed because there are no absent Class Members for the court to protect."). Because, under the FLSA, "parties may elect to opt in but a failure to do so does not prevent them from bringing their own suits at a later date," *McKenna v. Champion Int'l Corp.*, 747 F.2d 1211, 1213 (8th Cir. 1984), *abrogated by Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989), FLSA collective actions do not implicate the same due process concerns as Rule 23 actions. *Thompson v. Bruister & Assocs., Inc.*, 967 F. Supp. 2d 1204, 1222 (M.D. Tenn. Aug. 23, 2013). Accordingly, the exacting standards for approval of a Class action settlement under Rule 23 do not apply to an FLSA settlement under the collective action provisions of 29 U.S.C. § 216(b). *Crawford*, 2008 WL 4724499, at *3.

The FLSA Settlement in this case meets the standard for approval. The Settlement was the result of contested litigation with significant data exchanged between the Parties and arm's-length negotiations. At all times during the settlement negotiation process, negotiations were conducted at arms'-length. The Total Settlement Fund is substantial in light of the nature of the customer tip claims alleged by Plaintiffs.

According to the Settlement, awards in this case will provide a meaningful recovery for the Plaintiffs' claims. This Settlement constitutes a recovery for all Plaintiffs.

12

**C.   Attorneys' Fees and Costs Should be Approved**

Defendant has agreed to pay the Plaintiffs' Counsel's attorneys' fees and costs as set forth in the Settlement Agreement. Specifically, Plaintiffs ask this Court to approve an award of attorneys' fees and costs of $15,000 from the Total Settlement Fund, inclusive of costs and expenses. *See* Exhibit A. Defendants do not object to the Court approving such an award of attorneys' fees and expenses.

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b).  In *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir.1994), *cert. denied*, 513 U.S. 875 (1994), the Sixth Circuit held that the FLSA's mandatory attorney fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley*, 19 F.3d at 1134 (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G&M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir.1984)).

The purpose of fee shifting statutes "is to induce a capable attorney to take on litigation that may not otherwise be economically viable." *Gascho v. Global Fitness Holdings, LLC*, 822 F. 3d 269, 280 (6th. Cir. 2016) (*citing Perdue v. Kenny A. ex*

13

*rel. Winn*, 559 U.S. 542, 552 (2010) (explaining that a "reasonable" fee is one that is "sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case")). The standard for reviewing a request for attorney's fees is reasonableness, *Enterprise Energy Corp. v. Columbia Gas Transmission Corp.,* 137 F.R.D. 240, 249 (S.D. Ohio 1991), and there is no specific numeric relationship required between the amount of economic losses recovered and the amount of fees recoverable. *See Fegley*, 19 F.3d at 1134–43 (6th Cir. 1994) (recognizing that an FLSA fee award "encourages the vindication of congressionally identified policies and rights").[2]

Where relatively small claims can only be prosecuted through aggregate litigation, and the law relies on prosecution by "private attorneys general," attorneys who fill that role must be adequately compensated for their efforts. *Turner v. Perry Twp., Ohio*, No. 03 Civ. 455, 2005 WL 6573783, at *3 (S.D. Ohio Dec. 30, 2005) ("[T]he Sixth Circuit has emphasized the private attorney general theory of fee recovery: the importance of bringing [FLSA] cases, even if only nominal damages, are recovered to vindicate employee rights and Congressional policy").

---

[2] See *also Bozak*, 2014 WL 3778211, at *6 ("Fee awards in wage and hour cases are meant to encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel.") (internal quotes and citation omitted). Adequate compensation for attorneys who protect wage and hour rights furthers the remedial purposes of the FLSA. *See Fegley*, 19 F.3d at 1134; *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974) (discussing "society's stake in rewarding attorneys who produce . . . benefits in order to maintain an incentive to others").

The central requirement for an award of fees is that it be reasonable. *See Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 2008); *Rawlings v. Prudential-Cache Properties, Inc.*, 9 F.3d 513, 516 (6th Cir. 1993) ("In this circuit, we require only that awards of attorney's fees by federal courts in common fund cases be reasonable under the circumstances."); *Dillworth v. Case Farms Processing, Inc.*, No. 08 Civ. 1694, 2010 WL 776933, at *7 (N.D. Ohio Mar. 8, 2010) (using reasonableness standard in FLSA context).

The work that Plaintiffs' Counsel has performed in litigating and settling this case demonstrates their commitment to the FLSA Collective and to representing the Collective's interests and establishes the reasonableness of their fees. Plaintiffs' Counsel has committed substantial resources to prosecuting this case. The work that Plaintiffs' Counsel has performed—including investigating claims, reviewing documents, drafting the complaints, conferring with clients, legal research, discovery, and negotiating the settlement terms and reducing them to a formal settlement agreement, was significant and contributed to the substantial recovery obtained on behalf of the Collective. *See Capsolas v. Pasta Res. Inc.*, No. 10 Civ. 5595, 2012 WL 4760910, at *7 (S.D.N.Y. Oct. 5, 2012), (approving requested fee where "[t]he work that Collective Counsel . . . performed in litigating and settling th[e] case demonstrate[d] their commitment to the Collective and to representing the Collective's interests").

Plaintiffs' Counsel's efforts to date have been without compensation, and their entitlement to be paid has been wholly contingent upon achieving a good result. *See Dillworth*, 2010 WL 776933, at *8 (citing as justification for recovery of percentage recovery from common fund "[t]he contingent nature of the fee agreement," which "meant that counsel bore the risk of receiving no fee in the event that a less than favorable result was achieved").

The fee requested by Plaintiffs' Counsel also is reasonable because they will continue to perform a significant amount of work on behalf of the Collective in implementing the Settlement and assisting with the administration of the Settlement Fund. Nonetheless, Plaintiffs' Counsel will not make a supplemental fee application. *See Bozak*, 2014 WL 3778211, at *8.

Plaintiffs' Counsel also have incurred out-of-pocket costs prosecuting this case, including costs for electronic research, court fees, postage and courier fees. S*ee Griffin*, 2013 WL 6511860, at *9 (approving payment of costs when "documented by firm and by category of expense . . . and appear reasonable"); *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. at 535 (approving costs as "type routinely billed by attorneys to paying clients in similar cases"). In total, Plaintiffs' Counsel has expended $3,305.81 in litigation costs and expenses in this matter to date. Accordingly, Plaintiffs' Counsel's request for attorneys' fees and costs of $15,000.00 is reasonable and should be approved.

16

# V.
# CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court issue an order: (1) approving the settlement set forth in the Settlement Agreement; (2) approving the Service Award for the Named Plaintiff; and (3) approving Plaintiffs' Counsel Attorneys' Fees and costs of $15,000.00.

Date:  October 11, 2023                    Respectfully submitted,

By:    */s/ Jennifer L. McManus*
       **Jennifer L. McManus**  (P65976)
       jmcmanus@faganlawpc.com
       **FAGAN MCMANUS, P.C.**
       25892 Woodward Avenue
       Royal Oak, Michigan
       Telephone: (248) 658-8951
       Facsimile: (248) 542-6301

       **Clif Alexander**
       Texas Bar No. 24064805
       clif@a2xlaw.com
       **Austin W. Anderson**
       Texas Bar No. 24045189
       austin@a2xlaw.com
       **ANDERSON ALEXANDER, PLLC**
       819 N. Upper Broadway
       Corpus Christi, Texas 78401
       Telephone: (361) 452-1279
       Facsimile: (361) 452-1284

       ***Attorneys in Charge for Plaintiff and Putative Class Members***

17

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**MELISSA BECK,**
**Individually and on behalf of all**
**others similarly situated,**

           **Plaintiff,**

   **v.**

**LEFTY'S VENTURES, LLC, et al.,**

        **Defendants.**

**Case No. 2:22-cv-11366-GCS-JJCG**

**JURY TRIAL DEMANDED**

**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(B)**

## PROOF OF SERVICE

I hereby certify that on October 11, 2023, I electronically filed:

**PLAINTIFF'S UNOPPOSED MOTION FOR SETTLEMENT APPROVAL AND DISMISSAL WITH PREJUDICE**

**BRIEF IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR SETTLEMENT APPROVAL AND DISMISSAL WITH PREJUDICE**

with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

- David Cessante    dcessante@clarkhill.com, pbright@clarkhill.com

- Robert Nathan Dare    jstjohn@clarkhill.com, acunningham@clarkhill.com, rdare@clarkhill.com, tberge@clarkhill.com, dserement@clarkhill.com

- Brett J. Miller    pfeiffer@butzel.com, millerbr@butzel.com

- William Clifton Alexander    clif@a2xlaw.com

1

and I hereby certify that I have mailed by United States Postal Service the papers to the following non-ECF participants:

___(none)___.

Respectfully submitted,

FAGAN MCMANUS, P.C.

By: /s/ *Jennifer L. McManus*
    Jennifer L. McManus  (P65976)
    Attorney for Plaintiff
    25892 Woodward Avenue
    Royal Oak, MI  48067-0910
    (248) 542-6300
Dated:  October 11, 2023    jmcmanus@faganlawpc.com

2