UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA BECK,
Individually and on behalf of
all others similarly situated,

        Plaintiff,

vs.

LEFTY'S VENTURES, LLC,

        Defendant.
_____/

Case No. 22-CV-11366

HON. GEORGE CARAM STEEH

ORDER GRANTING MOTION FOR
APPROVAL OF FLSA SETTLEMENT (ECF No. 39)
<u>AND DISMISSING ACTION WITH PREJUDICE</u>

    Before the court is Plaintiff's Unopposed Motion for Approval of FLSA Settlement and Dismissal with Prejudice. Having reviewed the record, legal authority, and settlement agreement, the Court approves the settlement, as set forth below.

    Plaintiff and the three Opt-In Plaintiffs alleged that Defendants failed to pay them all the tips they were owed as required by the Fair Labor Standards Act. After an informal exchange of information, the parties engaged in settlement negotiations with the assistance of counsel and reached a settlement. Defendants will pay a total settlement amount of

$18,000, to cover all Plaintiffs' awards, attorneys' fees, costs, and a modest service award for Named Plaintiff.

In reviewing a FLSA settlement, the court considers whether it is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1355 (11th Cir. 1982). In determining whether a proposed settlement is fair and reasonable, the court considers the totality of the circumstances, including: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion. *Wolinsky v. Scholastic Inc.*, 900 F. Supp.2d 332, 335 (S.D.N.Y. 2012).

A bona fide dispute exists in this case whether defendants violated the FLSA as it relates to the tips of its hourly employees. The settlement was reached with the assistance of counsel, reflecting arms-length bargaining and lack of fraud or collusion. Considering the factual and legal disputes, as well as the expense and risk of further litigation, the settlement amount of $18,000 represents a reasonable compromise. The Court further

finds the attorneys' fees, inclusive of costs and expenses, of $15,000 from the Total Settlement Fund, to be customary and reasonable.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Unopposed Motion for Approval of FLSA Settlement and Attorneys' Fees and Costs (ECF No. 39) is GRANTED, and the action is DISMISSED WITH PREJUDICE.

Dated:  October 26, 2023

                                    s/George Caram Steeh
                                    GEORGE CARAM STEEH
                                    UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 26, 2023, by electronic and/or ordinary mail.

s/Mike Lang
Deputy Clerk